IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS ANTHONY SWINNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-05-1451-M |
| | ) |
| JOSEPH SCIBANA, Warden, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] the petition has been promptly examined, and for the reasons set forth herein, it is recommended that Grounds One and Three be dismissed without prejudice upon filing for failure to state a claim cognizable in this § 2241 federal habeas action. It is further recommended that Petitioner's claim in Ground Two also be dismissed without prejudice, unless within twenty days of any order adopting this Report and Recommendation, Petitioner files an amended petition to adequately show that he has exhausted his administrative remedies.

Petitioner is a federal prisoner currently in custody in the Federal Correctional Institution in El Reno, Oklahoma (FCI-El Reno). He was convicted in the United States

---

[1] See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (authorizing application of the rules to other actions for writs such as the instant case, in the Court's discretion).

District Court for the Western District of Oklahoma, Case No. CR-01-222-M, pursuant to his plea of guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). On June 5, 2002, Petitioner received a seventy-month sentence of imprisonment and a three-year term of supervised release. Case No. CR-01-222-M (Judgment, June 5, 2002). Petitioner did not appeal his conviction. Petition, p. 2. Petitioner also states that he has not filed a motion pursuant to 28 U.S.C. § 2255 to vacate, correct or set aside his sentence, or pursuant to Fed. R. Crim. P. 35 to correct or reduce his sentence. Petition at 3.

In this § 2241 petition, Petitioner raises three grounds for relief, stating that he "is not asking the Court to vacate his sentence; only that this Court reduce his sentence . . . ." Petition, p 8. He states in Ground One that he believes he should receive additional points for acceptance of responsibility; in Ground Two that he should receive additional points for completion of a prescribed drug program; and in Ground Three, that he should be considered for release on account of hardship. Petition, p. 6-7.

Although Petitioner filed this action as a § 2241 petition for a writ of habeas corpus, the Court must decide whether Petitioner's action arises under § 2241 or 28 U.S.C. § 2255. It is well settled that an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion filed pursuant to 28 U.S.C. § 2255 serve separate and distinct purposes. A petition under 28 U.S.C. § 2241 attacks the execution of a sentence and must be filed in the district where the prisoner is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." Id. A petition

under § 2241 "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding. Id. (citations omitted). Section 2255 provides in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In this case, Petitioner filed this action in the district that imposed the sentence, and as noted above alleges (1) that he should have been given "additional points for responsibility" because he admitted his alcohol problem, self-surrendered, and pled guilty; (2) that he is entitled to "the additional 12 months off his sentence ... as was expected" for completion of a drug program prescribed in the judgment; and (3) that his sentence should be reduced for reasons of hardship. Petition, p. 6-7. The first and third claims clearly challenge the length of his sentence, and thus fall squarely within the purview of § 2255. It is well settled that, "[u]nder § 2255, the sentencing court is authorized to discharge or resentence a defendant if it concludes that it was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." United States v. Addonizio, 442 U.S. 178, 185 (1979). Although Petitioner does not appear to allege an error of constitutional proportion, and a non-constitutional error does not provide a basis for collateral attack unless it involves "a fundamental defect which inherently results in a complete miscarriage of justice," § 2255 provides a mechanism for correcting such an

error should it occur.  Addonizio, 442 U.S. at 185; e.g. United States v. Kingston, No. 92-6269, 1992 WL 367935, *1 (10th Cir. Dec. 4, 1992) (affirming dismissal of procedurally defaulted issues in pro se appeal from denial of § 2255 motion asserting sentencing court erred in application of sentencing guidelines); United States v. Coleman, No. 95-5099, 1996 WL 3901, at *1 (10th Cir. Jan. 4, 1996) (affirming district court's denial of § 2255 motion alleging the court erred in the imposition of sentence by failing to consider a downward departure).[2]

Because these claims can be brought by a motion under § 2255, Petitioner can raise these claims in a § 2241 petition only if he satisfies the so-called "savings clause" in § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).  This exception is an extremely narrow one. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999) ("Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances.").  As the Tenth Circuit explained in United States v. Apodaca, No. 03-8017, 90 Fed. Appx. 300, 303 n. 8 (10th Cir. Jan. 30, 2004):

> Circumstances where courts have found or suggested the § 2255 remedy is inadequate or ineffective include instances where the sentencing court is abolished at the time petitioner seeks relief, Spaulding v. Taylor, 336 F.2d

---

[2] These and other unpublished Tenth Circuit decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3

4

192, 193 (10th Cir.1964); where the sentencing court refuses to consider the petition or unreasonably delays its consideration, Stirone v. Markley, 345 F.2d 473, 475 (7th Cir.), cert. denied, 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965); where more than one court has sentenced the petitioner and no single court can accord complete relief, Cohen v. United States, 593 F.2d 766, 771 n. 12 (6th Cir.1979); and where the gate keeping language of § 2255 bars retroactive application of a case that does not state a new rule of constitutional law, Reyes-Requena v. United States, 243 F.3d 893, 902 n. 20 (5th Cir.2001) (allowing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on a showing of actual innocence).

It is Petitioner's burden to show that the § 2255 remedy is inadequate or ineffective. Petitioner makes no attempt to show that the remedy under § 2255 is inadequate or ineffective with respect to his claims, and in fact he has never even attempted to employ it. In this action, Petitioner essentially seeks to reduce his sentence, which is typical § 2255 relief.[3] Accordingly, his claims in Grounds One and Three should be dismissed without prejudice.

However, Petitioner's claim in Ground Two, that he is entitled to a reduction in sentence based upon his completion of a Residential Drug Abuse Program, could potentially be cognizable under § 2241. See Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998).[4] However, the Petitioner has failed to adequately allege successful

---

[3]The undersigned also notes that any failure to timely file for relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective. See Caravalho, 177 F.3d at 1178 (holding that § 2255's substantive and procedural barriers do not render the § 2255 remedy inadequate or ineffective); United States v. Keebler, No. 02-4031, 2002 WL 31372573 (10th Cir. Oct. 22, 2002) (petitioner could not establish § 2255 remedy was inadequate or ineffective based on one-year limitation period; petitioner was "unable to successfully employ § 2255 because of his lack of diligence in pursuing his federal claims"); Barron v. Fleming, No. 01-6319, 2002 WL 244851, at *1 (10th Cir. Feb. 21, 2002) ("Merely because a 2255 motion may be time barred does not render it inadequate or ineffective.").

[4]18 U.S.C. § 3621(e)(2)(B) provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

completion of such a program – stating only that he is currently enrolled, has failed to allege a constitutional claim and more importantly at least initially, he has failed to allege that he has exhausted his administrative remedies. Although § 2241 does not contain an explicit exhaustion requirement such as the exhaustion requirement for habeas petitions brought pursuant to 28 U.S.C. § 2254, the law in this circuit generally requires an inmate to exhaust the Bureau of Prison's (BOP) administrative remedies before seeking federal habeas relief. See, e.g., Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (petitioner challenging BOP's computation of release date must exhaust BOP's administrative procedures); Holman v. Booker, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998) (petitioner challenging BOP's computation of sentence must exhaust BOP's administrative procedures before seeking federal habeas release); Verner v. Reno, No. 98-1119, 1998 WL 792059 (10th Cir. Nov. 3, 1998) (petitioner challenging BOP's parole eligibility determination must exhaust BOP's administrative remedies before seeking federal habeas relief); Sandoval v. Booker, No. 97-1412, 1998 WL 109843 (10th Cir. March 12, 1998) (petitioner challenging BOP's revocation of his parole must exhaust BOP's administrative remedies).

Petitioner claims to have "held meetings with his Unit Team at FCI El Reno, and filed through the Administrative Remedy Process (BP Forms)," but does not relate this allegation to any particular ground for relief or attach any of the forms he references. Petition, p. 8. That together with the fact that Petitioner himself alleges that he has not yet completed the Residential Drug Abuse program renders his allegations in support of Ground Two vague and conclusory. Accordingly, it is recommended that Ground Two

also be dismissed without prejudice unless within twenty days of any order adopting this Report and Recommendation, Petitioner files an amended petition identifying any specific decision by the BOP he is challenging, what his constitutional claim is and demonstrating that he has exhausted his administrative remedies. Petitioner can demonstrate exhaustion by attaching the administrative materials to the amended petition. See Owens-El v. Pugh, No. 01-1166, 16 Fed. Appx 881, 883 (10th Cir. 2001); Cf. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th 2003) (a copy of applicable administrative dispositions can be attached to civil rights complaint in lieu of specific description of administrative proceeding and its outcome).

In summary, although in Grounds One and Three, Petitioner is attempting to challenge the validity of his sentence by a § 2241 action, he has failed to demonstrate the inadequacy or ineffectiveness of the § 2255 remedy, a prerequisite to a § 2241 action. Therefore, the undersigned recommends that those grounds be dismissed without prejudice. See Gibson v. Fleming, No. 01-6198, 2001 WL 1573669, at *2 (10th Cir. Dec. 11, 2001).[5]

Although Ground Two does attack the execution of Petitioner's sentence, and is properly brought in an action under § 2241, Petitioner has made only vague and conclusory allegations in support of his claim and has failed to show exhaustion of his

---

[5]Petitioner's Third Ground for relief, on the basis of hardship, fails to state a claim even arguably cognizable under either § 2241 or § 2255, as the Court's review of a petition for writ of habeas corpus is limited to allegations of federal constitutional violations. See Tapia v. Tansy, 926 F.2d 1554, 1556-57 (10th Cir.1991). Also, it should be noted that aside from a writ of habeas corpus, the Court has no inherent authority to modify a previously imposed sentence, and may only act where there is specific statutory authority. United States v. Smartt, 129 F.3d 539, 540-41 (10th Cir. 1997) (delineating the three limited circumstances under which a term of imprisonment may be modified).

administrative remedies. Thus, it is recommended that Ground Two also be dismissed without prejudice, unless within twenty days of any order adopting this Report and Recommendation, Petitioner files a first amended petition containing only the claim contained in Ground Two, and correcting the deficiencies noted.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Grounds One and Three be dismissed without prejudice on filing. It is further recommended that Ground Two also be dismissed without prejudice unless within twenty days of any order adopting this Report and Recommendation, Petitioner files a first amended petition containing only the claim contained in Ground Two, and correcting the deficiencies with regard to that ground as noted herein. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 15, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

**ENTERED this 26th day of January, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE